UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV20-J

PENNY JOHN                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
   Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Penny John ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On December 22, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of March of 1996. After a hearing, Administrative Law Judge Reynolds ("ALJ") determined that plaintiff's degenerative disc disease of the lumbar spine, status post L5/S1 diskectomy and fusion in 2005, dysthymia, moderate anteroapical cardiac ischemia, and non-insulin dependent diabetes mellitus were severe impairments that prevented her from performing any of her past relevant work. However, the ALJ further found that she retained the residual functional capacity for sedentary work, and could perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on January 12,

1

2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to accord the proper weight to the opinion of her treating neurosurgeon. Dr. El-Naggar opined in April 2007 that Ms. John could lift ten pounds occasionally and would need to alternate sitting, standing and walking at least every thirty minutes. Tr. 590.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating

physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

The ALJ noted that Dr. El-Naggar had released her to work and that she had no significant treatment between September 2005 and December 14, 2006. The ALJ also stated that the restrictions in the April 2007 opinion were inconsistent with his progress notes showing her to be "neurologically intact" and reflecting an MRI negative of any abnormalities. Tr. 26. Nonetheless, the ALJ's findings limited plaintiff to lifting no more than ten pounds, with a sit-stand option and no prolonged sitting, standing or walking in excess of thirty minutes without a break. Tr. 24. This incorporates the restrictions described by Dr. El-Naggar in April 2007, and when these restrictions were presented to the vocational expert, the expert identified a significant number of jobs that could be performed consistent with the restrictions. Tr. 634. Plaintiff's argument is without merit.

Plaintiff contends that the ALJ erred in failing to consider whether her impairments met or equaled Listing 1.04. At Step 3 of the sequential evaluation process, the ALJ is to determine whether the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"). If so, the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

Plaintiff bears the burden of proving that she meets or equals a Listing. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). She must present specific medical information to satisfy all of the Listing criteria. 20 C.F.R. Sec. 416.925. Listings are to be interpreted very strictly, and the plaintiff

must establish the existence of all elements of the Listing. Foster v. Halter, 279 F.3d 348 (6th Cir. 2001), Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987). To meet a listing, a claimant must use specific *medical* evidence. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The plaintiff cannot show that she "equals" a Listing simply by showing overall functional impact of her condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990).

In fact, the ALJ *did* consider whether her impairment met Listing 1.00 (as well as whether she had impairments meeting 10.00 and 12.00). Tr. 24. He concluded that her condition was "not attended by clinical findings" which met or equaled the Listings. Plaintiff does not point to any clinical evidence that establishes that her impairment manifests all criterial of 1.04. Instead, she offers to support her claim with her own testimony. This is insufficient at Step 3, and that testimony was fully considered at Step 4.

Finally, Ms. John contends that the ALJ failed to present all restrictions and limitations in the vocational hypotheticals. In support of this contention, she points to psychological limitations described by Dr. Catt. Dr. Catt opined that Ms. John had moderate limitations in her ability to tolerate stress and pressure of day-to-day employment, and she had slight limitations in her ability to respond appropriately to supervision, coworkers and work pressures. Tr. 368-369. The ALJ's

Residual Functional Capacity determination was consistent with these limitations. Tr. 26, 634.

Accordingly, as there is no error of law and substantial evidence supports the decision of the Commissioner, the decision must be affirmed.